1999 UT 44

**Craig and Pam MAJOR, Plaintiff and Appellees,**

v.

**Ann HILLS, Defendant and Appellant.**

No. 980123.

Supreme Court of Utah.

May 7, 1999.

Steven V. Major, Farmington, for Plaintiffs.

Stuart H. Schultz, Elizabeth L. Willey, Sara E. Bouley, Salt Lake City, for Defendant.

DURHAM, Associate Chief Justice:

¶ 1   This case is before the court on appeal from an interlocutory order of the trial court compelling the appellant, Ann Hills, to produce certain information underlying a Vehicle Valuation Comparison (VVC) completed by her insurer, Farmers Insurance (Farmers). Farmers is not a party to this action. The district court has stayed its order and further proceedings in this matter pending the outcome of this appeal.

¶ 2   The facts of this case are undisputed. On November 8, 1996, Ms. Hills was involved in an automobile accident with Appellees Craig and Pam Majors' son, who was driving his parents' truck. At the time, Ms. Hills had an automobile insurance policy with Farmers Insurance. In the course of settlement discussions between Farmers and the Majors, Farmers prepared and presented to the Majors a Vehicle Valuation Comparison. Settlement talks were unsuccessful, however, and on January 14, 1997, the Majors filed this negligence action against Ms. Hills. The Majors did not then, and have not since, named Farmers as a party to the action.

¶ 3   On May 20, 1997, the Majors served their second set of interrogatories and request for documents on Ms. Hills. The majority of the interrogatories and requests sought documentation concerning the basis of the VVC as well as comparisons done by Farmers in connection with other automobile accidents. On October 7, 1997, the Majors filed a motion to compel discovery. On October 20, 1997, Ms. Hills filed a motion for a protective order. A hearing on the motions was held on November 18, 1997.

¶ 4   On February 18, 1998, the district court entered an order granting the Majors' motion to compel as it related to the preparation of the VVC and granting Ms. Hills'

motion for a protective order as it related to the preparation of comparisons by Farmers in connection with other automobile accidents. The district court then denied Ms. Hills' request under Rule 37 of the Utah Rules of Civil Procedure for reasonable expenses in resisting the Majors' motion to compel. On May 27, 1998, this court granted Ms. Hills' petition to appeal from the interlocutory order.

¶ 5 On appeal, Ms. Hills asserts that the district court erred in ordering her to respond to the Majors' discovery request because (1) the information requested is not relevant to the case at bar and is sought only for the improper purpose of formulating a claim against a non-party to this action; and (2) the information is protected as work product under Rule 26(b)(3) of the Utah Rules of Civil Procedure. The Majors assert that the information is discoverable because of the contractual relationship between Ms. Hills and her insurer. Based on specific revelations made by Ms. Hills' counsel during oral argument before this court, we reverse the district court as to the discovery order, concluding that the information underlying the VVC is irrelevant and therefore not discoverable.[1]

¶ 6 Before the district court, the Majors supported their discovery request by claiming that they needed the information both to investigate a possible bad faith or fraud claim against Farmers and to rebut Ms. Hills' use of the VVC at trial. Ms. Hills focused primarily on the impropriety of using discovery as a means to investigate potential claims against non-parties. At that time, Ms. Hills did not indicate in any definitive manner that she would not introduce the VVC at trial.

■ ¶ 7 Although not specifically stating so, the district court's decision to protect the bases of other comparisons completed by Farmers suggests that the court accepted Ms. Hills' contention that the Majors were improperly fishing for information to support possible claims against Farmers. Thus, the only apparent justification for the district court's order compelling discovery was that the information requested could be relevant to impeach the VVC should Ms. Hills decide to introduce it at trial. During oral argument before this court, however, Ms. Hills' counsel stipulated that she would not use the VVC at trial. This stipulation, made in open court, removes any need which the Majors might have for information useful to impeach that document. In this context, then, the information sought is irrelevant under Rule 401 of the Utah Rules of Evidence and therefore undiscoverable under Rule 26 of the Utah Rules of Civil Procedure.[2] *See, e.g., Chatterton v. Walker,* 938 P.2d 255, 264 (Utah 1997) (holding that irrelevant information is not discoverable under Rule 26 of the Utah Rules of Civil Procedure). We therefore reverse the district court's order insofar as it granted the Majors' motion to compel.

---

1. Consequently, we do not address other issues raised on appeal. We do not decide whether Ms. Hills' contractual relationship with her insurer was sufficient to deem Ms. Hills in possession of any documentation held by the insurer; whether Ms. Hills could have asserted any work product doctrine protection on behalf of her insurer; whether the Majors were improperly seeking information from Ms. Hills in order to establish a claim against the insurer; or whether such a claim against the insurer would have been viable in any case.

2. Rule 26(b)(1) of the Utah Rules of Civil Procedure provides in relevant part:
   Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party[.]

Utah R. Civ. P. 26(b)(1). Rule 401 of the Utah Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Utah R. Evid. 401. The reliability of the VVC in this case is a "fact that is of consequence to the determination of the action" only if a party at trial intends to use the VVC to establish the amount of damages sustained by the Majors. The Majors have consistently challenged the accuracy of the VVC and have never suggested that they will rely upon that document at trial. Ms. Hills has recently stipulated not to use the document at trial. Thus, the reliability of the VVC is not a "fact that is of consequence to the determination" of this action and is not discoverable under Rule 26(b)(1).

¶ 8 Ms. Hills also asks this court to revisit the district court's denial of her request pursuant to Rule 37(a)(4) of the Utah Rules of Civil Procedure for reasonable expenses, including attorneys fees, in resisting the Majors' motion. However, because of Ms. Hills' initial vacillation concerning whether she was going to use the VVC at trial, we do not consider the Majors' motion to have been unjustified. We thus decline to upset this portion of the district court's order.

¶ 9 Reversed and remanded to the district court for trial.

Justice STEWART, Justice ZIMMERMAN, Justice RUSSON, and Judge HILDER concur in Associate Chief Justice DURHAM's opinion.

Having disqualified himself, Chief Justice HOWE does not participate herein; District Judge ROBERT K. HILDER sat.